UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROGER CAL JOHNSON                                                                                          PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 4:08CV114 DPJ-FKB

WARDEN DALE CASKEY, ET AL.                                                                         DEFENDANTS

ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge James C. Sumner. Judge Sumner revoked Johnson's *in forma pauperis* status pursuant to the "three strikes" provision of the Prison Litigation Reform Act, then recommended dismissal of Johnson's suit based on his failure to pay the filing fee. The Court finds that the Report and Recommendation should not be adopted as the opinion of this Court.

I.      Facts and Procedural History

Plaintiff Roger Cal Johnson filed this action on October 16, 2008, complaining of the conditions at East Mississippi Correctional Facility. For example, he expresses displeasure with the cleanliness of his cell, the lack of hot water, the presence of insects, and the age of his clothing. On January 27, 2009, Plaintiff was granted *in forma pauperis* status pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. The Order [5] provided that Plaintiff was to pay a partial filing fee of $1.83 and make monthly payments of twenty percent (20%) of his monthly income until the total filing fee of $350 was paid.[1]

The PLRA contains the following "three strikes" provision:

---

[1] The docket reflects a partial payment of the filing fee in the amount of $1.00 on February 9, 2009. This $1.00 payment was later returned at the request of Mississippi Department of Corrections[11], which purportedly withdrew one hundred percent (100%) of Johnson's inmate account in error. No other payments have been made by Johnson.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). To assure compliance with the "three strikes" provision, a second order [6], also entered on January 27, 2009, instructed Plaintiff to provide the Court with a list of every civil action or appeal that Plaintiff has had dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff responded, listing the following three civil actions: *Johnson v. Presley*, Civil Action No. 4:07cv105; *Johnson v. Lewis*, Civil Action No. 4:08cv24; and *Johnson v. Hinds County*, Civil Action No. 3:04cv393.

On July 2, 2009, the Fifth Circuit Court of Appeals affirmed dismissal of one of these civil actions, *Johnson v. Lewis*, Civil Action No. 4:08cv24, and upheld the district court's issuance of a "strike" under the PLRA. *Johnson v. Lewis*, 335 F. App'x 481, 483 (5th Cir. 2009). The Fifth Circuit noted that Johnson had two prior strikes and, with this third strike, was barred from proceeding *in forma pauperis* "unless he is under imminent danger of serious physical injury." *Id.*

Thereafter, on September 24, 2009, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* status in this action, citing the Fifth Circuit's opinion and arguing that because Johnson has at least three prior dismissals, each of which constitutes a "strike," his *in forma pauperis* status should be rescinded. Judge Sumner agreed and on November 23, 2009, entered an order [28] revoking Plaintiff's *in forma pauperis* status and directing Plaintiff to pay the full filing fee of $350 within thirty days. Plaintiff filed an objection to Judge Sumner's order,

2

arguing that "the three strikes bar does not go back, it goes forward." Plaintiff's Objection [29] at 2. He further claimed that, although a second case, *Johnson v. Hinds County*, was dismissed by the district court, he had appealed that decision and the Court should wait until that appeal was ruled on before considering that case as a "strike." *Id.* at 2-3. On December 28, 2009, Johnson filed a motion [30] to stay the deadline for paying the filing fee, citing the Court's failure to respond to his objections.

On December 30, 2009, Judge Sumner denied Plaintiff's motion to stay.[2] Judge Sumner advised that the subject Report and Recommendation was being entered that same day and Plaintiff would have an opportunity to contest the dismissal of his case or pay the filing fee during the objection period. Finally, Judge Sumner concluded no further extension of time regarding payment of the filing fee was warranted.

On January 25, 2010, Plaintiff moved for a 30-day extension of time to attempt to contact his family and pay his filing fee [33]. Concurrent with his request for an extension of time, Plaintiff filed his objections to the Report and Recommendation. Plaintiff again insists that the "three strikes" provision should only apply to cases filed after the third dismissal, not cases such as this that were pending prior to the third dismissal.

---

[2] Judge Sumner clarified that the "three strikes" considered by the Court were *Johnson v. Presley*, No. 4:07cv105 (N.D. Miss. July 26, 2007), *Johnson v. Dorsey*, No. 4:08cv23 (N.D. Miss. Apr. 4, 2008), and *Johnson v. Lewis*, No. 08-60646 (5th Cir. July 2, 2009), not *Johnson v. Hinds County*, which Plaintiff cited in his motion to stay.

II.        Analysis and Conclusion

The undersigned declines to adopt the Report and Recommendation and is of the opinion that the magistrate judge lacked authority to revoke Plaintiff's *in forma pauperis* status. Although disagreement exists, a growing majority of federal courts, and all circuit courts of appeals that have considered the issue, hold that magistrate judges lack authority to deny *in forma pauperis* status. *See Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) ("[D]enial of [motion to proceed *in forma pauperis*] is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority."); *Lane v. Valone*, No. 05-CV-73273-DT, 2009 WL 3048763, at *1 (E.D. Mich. Sept. 18, 2009) (holding "the denial of such motion is considered dispositive, and therefore a Magistrate Judge must proceed by Report and Recommendation"); *United States v. Rodriguez*, No. 93-00597, 2009 WL 2868402, at *1 (S.D. Fla. Sept. 3, 2009) ("[E]very Circuit Court of Appeals which has considered the issue has ruled that the denial of such a motion is case dispositive, although granting the motion is not."); *see also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311-12 (10th Cir. 2005) (same); *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988) ("Under 28 U.S.C. § 636, a United States Magistrate may not enter a final judgment on a motion to proceed in forma pauperis unless the matter has been referred to him or her by the court and the parties consent to have the magistrate decide the motion and enter judgment."); *cf. Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004) (finding appellate court lacked jurisdiction to consider appeal of magistrate judge's denial of IFP status on appeal, where the plaintiff had not "consented to the magistrate judge's jurisdiction to enter a final judgment on his right to appeal IFP").

The Court notes that this case is in an odd procedural posture, in that the Report and Recommendation stemmed from an earlier order revoking Plaintiff's *in forma pauperis* status. Moreover, Plaintiff has filed motions related to that order and the subsequent Report and Recommendation. In the interest of clarity of the record, the Court finds as follows:

1. Magistrate Judge James C. Sumner's Order [28] as to Plaintiff's *in forma pauperis* status is rescinded;

2. The Report and Recommendation [32] is rejected; and

3. Plaintiff's motion for an extension of time to attempt to pay the filing fee [33] is considered moot, in that his *in forma pauperis* status has been restored at this time. He is expected to pay the filing fee in accordance with the Order [5] granting *in forma pauperis* status entered January 27, 2009.[3]

In addition, Plaintiff's "request[s] for entry of partial default judgment" [20, 21, 22] as to Defendants Warden Dale Caskey, Assistant Warden Ricardo Gillespie, and Major Robert Grubbs are denied. These Defendants filed an Answer [10] to Plaintiff's Complaint on February 17, 2009. Entry of default is not appropriate pursuant to Federal Rule of Civil Procedure 55.

**SO ORDERED** this the 17th day of February, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3] Defendants' motions to dismiss [12, 25] were terminated by virtue of Judge Sumner's order revoking Plaintiff's *in forma pauperis* status [28]. As this holding has now been rescinded, Defendants may refile the motion to dismiss for consideration by the undersigned if they so choose. If such a motion is filed, Defendants are instructed to address those opinions from other circuits holding that revocation for post-filing strikes is not warranted under the statute. *See Lopez v. U.S. Dep't of Justice*, 228 F. App'x 218, 219 (3d Cir. 2007) ("The statute does not authorize courts to revoke *in forma pauperis status* if a prisoner later earns a third strike." (citing *Gibbs v. Ryan*, 160 F.3d 160, 163 (3d Cir. 1998))).