IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROGER CAL JOHNSON                                                                                PLAINTIFF

VS.                                                          CIVIL ACTION NO. 4:08cv-114-DPJ-FKB

WARDEN DALE CASKEY,
et al.                                                                                                    DEFENDANTS

REPORT AND RECOMMENDATION

Roger Cal Johnson is a state inmate housed at East Mississippi Correctional Facility (EMCF).  Defendants are current or former EMCF officials and employees. Plaintiff brought this civil action pursuant to 42 U.S.C. § 1983 alleging numerous constitutional violations at the prison: Loss of his personal property, failure to issue sufficient clothing, shoes, bedding, and hygiene products; lack of hot water and soap; and infestation by insects.  Presently before the court are the parties' cross motions for summary judgment.  Having considered the motions and responses, along with the evidence of record, the undersigned recommends that Plaintiff's motion be denied and that Defendants' motion be granted.

Defendants contend that they are entitled to summary judgment because of Plaintiff's failure to exhaust his administrative remedies concerning his claims.  The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  In support of their motion, Defendants have submitted the affidavit of Janie

Birdsall, the Administrative Remedies Program (ARP) Coordinator at EMCF. In her affidavit, Ms. Birdsall sets forth a detailed account of all the administrative grievances filed by Plaintiff since September 12, 2007, the date he was transferred to EMCF. According to Ms. Birdsall, Plaintiff filed no ARP grievances during 2007. In 2008 and 2009, he filed nine requests for relief. However, he completed the ARP's three-step process as to only two of these requests. ARP #EMCF-08-321, dated April 25, 2008, concerned the loss of a radio, batteries, cookies, personal care items, pictures and paper during a housing transfer. Plaintiff completed all three steps of the ARP procedure and was issued a certificate from the MDOC Commissioner on August 28, 2008. The second ARP request for which he completed the process was ARP #EMCF-09-1315, in which Johnson contested two Rules Violation Reports (RVRs).

Of the remaining seven ARP grievances, six were withdrawn by Johnson prior to completion of the process. These withdrawn grievances concerned the quality of the food at EMCF and the problem of food missing from his meal trays, loss of clothing during the laundry process, failure to issue sufficient clothing and shoes, housing issues, a request to return to a kitchen job, and the contesting of an RVR issued for possession of marijuana. One ARP grievance in which he complained of not being allowed to attend a protestant church service was rejected on technical grounds.

Plaintiff admits that he has not exhausted his administrative remedies on his claims.[1] However, he argues that he should be excused from the exhaustion requirement

---

[1] For this reason, it is unnecessary for consideration of the possibility that a portion of the claim in this lawsuit concerning loss of personal property may have been raised in ARP #EMCF-08-321. Furthermore, even if Plaintiff has exhausted this claim, it fails as a

2

because of problems he encountered with the ARP process. He states that he never received a reply concerning a grievance he filed about cleaning supplies, clothing, and haircuts. Likewise, he says he filed a grievance about the lack of hot water but never received a reply. It is clear from Ms. Birdsall's affidavit, however, that the only times in which Plaintiff did not receive timely substantive responses to his grievances was either when he voluntarily withdrew the requests prior to receiving a response or when he was informed that they were being placed on "backlog" because he had other grievances pending.[2] This latter response occurred with regard to two requests: One in which Plaintiff complained of the loss of a laundry bag containing his sheets and clothing, alleged that he had not received his "six-month" issue of clothing and stated that he had no shoes, and another in which he complained about food missing from his meal tray. The notices that these requests were being backlogged are dated only a few days after the filing of the requests. Johnson later withdraw the grievances.

A prisoner may be excused from exhausting his administrative remedies where "irregularities in the administrative process itself" prohibit him from doing so. *Shah v. Quinlin*, 901 F.2d 1241, 1244 (5th Cir. 1990). Moreover, there is a "substantial effort

---

matter of law. The taking or loss of personal property by prison officials does not violate due process if adequate state post-deprivation remedies exist. *See Hudson v. Palmer*, 468 U.S. 517 (1984). In Mississippi, the common-law remedies of conversion, claim and delivery, and replevin fulfill this requirement. *Triggs v. CCA Corp.*, 263 F.3d 164 (5th Cir. 2001).

[2]As Ms. Birdsall explains in her affidavit, once an ARP request is accepted for processing, additional ARP requests by the inmate are logged and set aside ("backlogged") for handling at the ARP Coordinator's discretion, once the current ARP request has been processed. The purpose of this policy is to prevent abuse and overuse of the ARP process.

exception" to the exhaustion requirement. *Rourke v. Thompson*, 11 F.3d 47, 51 n. 10 (5th Cir. 1993). Finally, an administrative remedy is inadequate where prison officials ignore or interfere with a prisoner's pursuit of relief. *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982), and available administrative remedies are deemed to be exhausted when the time limits for the prison's response set forth in its own grievance procedure rules have expired. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999); *Underwood,* 151 F.3d at 295. Defendants' evidence indicates that none of these exceptions apply to any ARP request which arguably covers the claims in this lawsuit, and Plaintiff has come forward with no credible evidence to the contrary. The undersigned concludes that Plaintiff has failed to justify his failure to meet the exhaustion requirement.

For these reasons, the undersigned concludes that Plaintiff's motion should be denied, Defendants' motion should be granted and the complaint dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 13th day of May, 2011.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE