UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROGER CAL JOHNSON                                                                                      PLAINTIFF

V.                                                                       CIVIL ACTION NO. 4:08cv114-DPJ-FKB

WARDEN DALE CASKEY, ET AL.                                                                   DEFENDANTS

ORDER

This § 1983 prison-conditions suit is before the Court on the Report and Recommendation [83] of Magistrate Judge F. Keith Ball. After considering the parties' cross motions for summary judgment, Judge Ball recommended dismissal of Plaintiff's claims based on his failure to exhaust administrative remedies. Johnson filed an Objection, arguing that he should be excused from the exhaustion requirement.

Under the relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Booth v. Churner*, the Supreme Court held that this statute requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. 532 U.S.731, 734 (2001). The United States Supreme Court has further held that the PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Jones v. Bock*, 549 U.S. 199 (2007) (reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

In the Fifth Circuit, "'a strict approach' is taken to the exhaustion requirement." *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (quoting *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). But "a district court must afford a prisoner an opportunity to show that he has either exhausted the available administrative remedies or that he should be excused from this requirement." *Id.* (citing *Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981)).

> We have recognized, as a basis for excuse, circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy. Further, exhaustion requirements may be excused where dismissal would be inefficient and would not further the interests of justice or the purposes of the exhaustion requirement.

*Id.* (citations omitted).

That said, "it is not for the courts to inquire whether administrative procedures 'satisfy minimum acceptable standards of fairness and effectiveness.'" *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Booth* 532 U.S. at 740 n.5). "A prisoner must exhaust administrative remedies as are 'available,' whatever they may be." *Id.* (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). "If a prisoner has not exhausted all available administrative remedies, dismissal is appropriate." *Id.*

With that in mind, the Court turns to Johnson's allegations. In his suit, Johnson complains of loss of personal property; lack of sufficient clothing, shoes, bedding, hygiene products, hot water and soap; and infestation by insects. As explained in detail by Judge Ball, Defendants submitted evidence that Johnson filed nine grievances with the Administrative Remedies Program (ARP) in 2008 and 2009—six of which he later withdrew. Of the remaining

three, none relates to this case.[1] The undersigned agrees with Judge Ball that Defendants have presented unrebutted evidence that Johnson has not exhausted his available administrative remedies.

In his Objection, Johnson asserts that he should be excused from exhausting because he attempted to exhaust administrative remedies as to prior issues and his complaints "went unanswered." Objection [85] at 2. He boldly bases his assertion on all exhibits submitted by himself and Defendants. Having reviewed the record, the Court finds no genuine dispute of material fact.

First, Johnson's record evidence does not appear to support his contention that EMCF was nonresponsive.[2] Second, to the extent Johnson's argument turns on EMCF's policy of

---

[1] Judge Ball noted that even if Johnson's instant lost-property claim was part of the exhausted housing-transfer claim, the loss of personal property does not violate due process. Report and Recommendation [83] at 2 n.1. Johnson appears to clarify in his Objection that his lost-property claim is part of a separate suit, not the present action. Objection [85] at 1.

[2] A review of Johnson's exhibits revealed the following:

- A copy of a memo from Mrs. Birdtail informing him that his "ARP RE: RVR #10-1147" has been accepted. Pl.'s Resp. [77] Exh. A.

- A letter dated January 2, 2008, certifying that soap and toilet tissue had been distributed to all inmates on HU4. [77] Exh. B.

- Affidavits from three individuals attesting that EMCF did not issue soap or toilet tissue for three weeks in 2008. [78] at 3-5.

- A copy of a letter dated February 8, 2011 from the ACLU. [80] at 4.

- An ARP complaint regarding the lack of haircuts on August 19, 2010. [81] at 4.

- An illegible form dated March 6, 2011 and titled "First Step Response Form" where it appears Johnson marked "I wish to cancel this complaint."

"backlogging" multiple claims by the same inmate, "[t]he PLRA required [Johnson] to exhaust 'available' 'remedies', whatever they may be. His failure to do so prevents him from pursuing a federal lawsuit." *Wright*, 260 F.3d at 358. Moreover, "[t]he failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies." *Johnson v. Cheney*, No. 2:07cv0004, 2008 WL 534606, at * 3 (N.D. Tex. Feb. 8, 2008) (citations omitted), Report and Recommendation adopted, 2008 WL 541762 (N.D. Tex. Feb. 27, 2008), aff'd, 313 Fed. App'x. 732 (5th Cir. Mar. 11, 2009); *see also Curry v. Alexandre*, No. 05-1873LC, 2006 WL 2547062, at * 3 (W.D. La. June 19, 2006) (citing *Wright*, 260 F.3d at 358) (noting "a plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance(s) was ignored"); *Husband v. Corr. Corp. of Am.*, No. 5:09cv118-MTP, 2010 WL 3724542, at *4 (S.D. Miss. Sept. 15, 2010). Here, the ARP allows an inmate to proceed to the next level when he fails to receive a response in the time frames provided for in the program. *See* Defs.' Mot. [71] Exh 1, Birdtail Aff, Ex. A at 6; *see also Husband*, 2010 WL 3724542, at *4.[3]

---

[81] at 5.

None of these submissions indicate a failure to respond; that Johnson exhausted his administrative remedies as to the current claims; or that his failure to exhaust should be excused. To the extent the Court may have missed something, it is noted that Johnson failed to cite any specific record evidence, and the Court is not required to sift through the record looking for material to support his position. *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379–80 (5th Cir. 2010) ("We have explained that 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'") (citations and quotations omitted).

[3] In his Objection, Johnson mentions Defendants' "failure to answer the A.R.P. submitted August 2008," but it is not clear what Johnson is referring to. Objection at 4. According to Birdtail, in August 2008, Johnson completed the ARP process on a complaint filed

Because Johnson did not properly follow the administrative grievance procedures with regard to his claims, he has failed to exhaust his administrative remedies as required by 42 U.S.C.A § 1997e(a).  *See also Johnson*, 313 Fed. App'x. at 733 ("Johnson's failure to pursue his grievance remedy to conclusion constitutes a failure to exhaust his administrative remedies.") (citation omitted); *Wright*, 260 F.3d at 358 (dismissing prisoner suit for failure to exhaust where prisoner only filed a step-one grievance but "did not pursue the grievance remedy to conclusion").  In sum, the Court finds that Johnson's failure to exhaust should not be excused.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed without prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure

**SO ORDERED AND ADJUDGED** this the 19th day of August, 2011.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE

---

on April 25, 2008 — this was the housing-transfer claim, which Johnson indicated is not part of this suit.  She further explained that an ARP request dated August 19, 2008 and received on September 30, 2008, was withdrawn by Johnson.